ELLIOTT, Respondent, *vs.* SANDERSON, *et al.* Appellants.

1. The facts appearing in evidence, the understanding of a witness can have no influence in determining whether one or two persons are bound by a contract.

*Appeal from Platte Circuit Court.*

*A. Leonard,* for appellants.

1. If the contract stated in the pleadings and upon which the plaintiff sought to recover, was in fact made with the plaintiff and another person, instead of being made with the plaintiff alone, it of course defeated the action, and such was the direction the court gave to the jury.

2. The promise made by the defendants, at the settlement, after the work was performed, must be considered as a promise to the persons to whom the defendants were liable, and cannot be considered as a new promise to different persons, extinguishing the old contract, and creating a new liability.

3. As a new promise, it is void for want of consideration, and if valid, is not the promise or liability laid in the complaint. That was a liability to pay for the wintering of the oxen, without condition or limitation. This was a liability upon the settlement, to pay the balance struck, as soon as the defendants should receive from the government the money due them for the same service.

*Hayden* and *S. L. Leonard,* for respondent.

The instruction given by the court, on its own motion, was correct. 2 Greenl. Ev. secs. 127-8-9. The contract was first made with Elliott for two hundred steers. They talked of substituting a new contract, in writing, with Elliott & Rey-

nolds, but it was never executed. Admitting the matter was in doubt whether Elliott & Reynolds were partners, the settlement, after it was all over, and the recognition of Elliott as sole contractor, and the promise to pay him, fixes plaintiff as the one to whom the money was coming.

Scott, Judge, delivered the opinion of the court.

This was a suit brought by the plaintiff against the defendants for feeding cattle for them. The defence was, that there was a party plaintiff, with whom the defendants had contracted, who should have been joined ; and that the cattle were not fed as they should have been, under the contract.

The plaintiff proved that the contract had been made with him for keeping the oxen, and that they were fed by him. A witness was present at a settlement with the plaintiff by one of the defendants. There was also some evidence of a contract to which one Reynolds was to have been a party, but it appears that it was never executed, although a witness says he considered both Elliott and Reynolds equally bound under the contract, and that the defendants were bound to them jointly, although the contract was not executed by Elliott and Reynolds.

The court instructed the jury that, if they believe the contract was made with the plaintiff and one Reynolds to keep the cattle, Elliott cannot recover in the present suit.

If they believe the plaintiff was to keep the cattle upon corn, hay and fodder, or any of these articles, and failed to do so, that they may deduct from the amount claimed what they were damaged by the non-performance of this contract, by the plaintiff and Reynolds : " *Provided, however*, the foregoing are upon this condition, that is, if, after the keeping of the cattle was completed, a settlement was had between plaintiff and defendants, or one of them, or their agent, and upon such settlement it was agreed to pay plaintiff a specific sum, then the jury will find for plaintiff that sum."

1. From the evidence in the cause, the court was warranted in giving the qualification to the first instruction. We do not think there was a foundation for the argument, that the con-

tract to pay should be construed to both Elliott and Reynolds. The condition on which Reynolds was to become a party to the contract was never complied with, nor was that contract ever executed. The facts appearing in evidence, the understanding of the witness can have no influence, in determining who was bound by the contract. It was a matter of law, about which his impressions were of no avail.

, The question as to whether the money had been received from the United States, by the defendants, before the institution of the suit, was not raised on the trial of the cause below. No exception was taken on that score, and we do not feel ourselves called upon to determine it for the first time on this appeal.

The other Judges concurring, the judgment will be affirmed.